Chen v. Holder

BIA
Zagzoug, IJ
A200 699 992

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand fourteen.

PRESENT:
RALPH K. WINTER,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges.*

_____

SHUN YING CHEN,
*Petitioner,*

v.                                          13-38

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Briana F. Isiminger, Law Offices of Yu & Associates, PLLC, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Linda S. Wernery, Assistant Director; Theodore C. Hirt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shun Ying Chen, a native and citizen of China, seeks review of a December 13, 2012, decision of the BIA affirming an August 1, 2011, decision of Immigration Judge ("IJ") Randa Zagzoug, denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shun Ying Chen,* No. A200 699 992 (B.I.A. Dec. 13, 2012), *aff'g* No. A200 699 992 (Immig. Ct. N.Y. City Aug. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications like this one, governed by the REAL ID Act of 2005, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of her

account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

Contrary to Chen's argument, a negative demeanor finding can properly be based on vague and unresponsive testimony. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (explaining that evasiveness is "one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility"); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (noting that the IJ's assessment of a petitioner's demeanor included his unresponsive testimony). Moreover, the Court gives "particular deference" to an IJ's demeanor finding, *see Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (internal quotation marks omitted), especially when, as here, the IJ's assessment is supported by "specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The record supports the IJ's negative demeanor finding based on Chen's varying testimony as to when her wedding banquet was held.

Although Chen now argues that any inconsistency was due to her "low IQ," and inability to calculate dates, she did not raise these arguments before the agency, and we decline to consider them. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007). Further, the agency was not required to credit Chen's explanation that her testimony was mistaken due to her lack of education. *See Majidi*, 430 F.3d at 80-81 (holding that the agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

The agency also reasonably relied on Chen's inconsistent testimony as to when she received a village committee certificate indicating that she had an intrauterine device ("IUD") and when the IUD was removed. Chen has not reconciled these inconsistencies or provided a compelling explanation for them. *See id.*

Chen has not contested the BIA's finding that she failed to corroborate her claim, or the IJ's finding that she failed to explain why the receipt for the fine she allegedly paid for violating family planning policies indicated that she had paid a "social alimony fee," and, thus, these findings provide further support for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529

4

F.3d 141, 146-47 (2d Cir. 2008). Accordingly, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Having reasonably found that Chen failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, as these claims share the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk